

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,256-01 & -02 & -03 & -04

### EX PARTE TEDDIE WAYNE DAVENPORT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 13184-A-1 & 13185-A-1 & 13187-A-1 & 13188-A-1
### IN THE 77TH DISTRICT COURT FROM LIMESTONE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In a consolidated trial, Applicant was convicted of two counts of aggravated assault of a public servant and was sentenced to fifty years' imprisonment in each count. Applicant was also convicted of burglary of a building and evading arrest with a vehicle and sentenced to ten years' imprisonment in each count. The Seventh Court of Appeals affirmed his conviction. *Davenport v. State*, 466 S.W.3d 308 (Tex. App.—Amarillo June 9, 2015).

Applicant contends that his trial counsel rendered ineffective assistance because counsel was unprepared for trial, had no defensive theory, failed to perform any meaningful cross-examination of the State's witnesses, failed to make objections to prevent the State from admitting extraneous evidence, failed to interview Applicant to plan a trial strategy, failed to interview the State's witnesses, failed to file any defensive motions to prevent a State's witness from testifying, failed to conduct an independent investigation, failed to file a motion for discovery until the day of trial, waived opening statement, put Applicant on the stand and elicited incriminating testimony in which Applicant admitted elements of the offense, failed to object to the State's improper commitment questions during jury selection, failed to object to the prosecutor's improper argument which was not based on evidence, and failed to object to the State's improper bolstering of a State's witness.

Applicant also contends that appellate counsel rendered ineffective assistance because counsel failed to challenge the sufficiency of the evidence, failed to raise on appeal that the trial court abused its discretion when it denied counsel's request for a continuance, failed to raise on appeal trial counsel's failure to object to improper jury commitment questions, and failed to raise on appeal trial counsel's failure to object to the prosecutor's improper opening and closing arguments.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also order appellate counsel to respond to Applicant's claim of ineffective assistance

of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  December 16, 2015
Do not publish